GREG L. KIRAKOSIAN  (SBN 294580)
 [GREG@KIRAKOSIANLAW.COM]
**KIRAKOSIAN  LAW,  APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE: (213) 417-9790
FACSIMILE:  (213) 477-2355

Attorneys for Plaintiff, *MOSES RUBINO*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES RUBINO, an individual,<br><br>                 Plaintiffs,<br><br>     vs.<br><br>CITY OF FONTANA, a public entity; OFFICER SANDOVAL, an individual; OFFICER MEDINA, an individual; and DOES 1 through 20, inclusive,<br><br>                 Defendants. | Case No.: 5:22-cv-00072<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **VIOLATION OF CIVIL RIGHTS – SEARCH AND SEIZURE;**<br>2. **VIOLATION OF CIVIL RIGHTS – DENIAL OF MEDICAL CARE;**<br>3. **FALSE ARREST / FALSE IMPRISONMENT;**<br>4. **NEGLIGENCE;**<br>5. **VIOLATION OF BANE ACT (Cal. Civ. Code § 52.1)**<br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**<br>7. **MALICIOUS PROSECUTION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

**INTRODUCTION**

1.     Plaintiff MOSES RUBINO brings this civil rights and state tort action against Defendants the City of Fontana, Officers Sandoval and Medina, and DOE Officers 1 through 20 for violating rights conferred under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, and California law in connection with the search, seizure, and arrest of the Plaintiff without a reasonable suspicion or probable cause, malicious prosecution of the Plaintiff, and the deliberate indifference of his medical needs.

**PARTIES**

2.     At all relevant times, Plaintiff Moses Rubino resided in the City of Fontana, in the County of San Bernadino, California.

3.     At all relevant times, Defendant City of Fontana ("Fontana") is and was a municipal corporation existing under the laws of the State of California. Fontana is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fontana Police Department and its agents and employees. At all relevant times, Defendant Fontana was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Fontana Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Fontana was the employer of DOES 1 - 15.

4.     Plaintiff is informed and believes that Defendant Officer Sandoval was, at all relevant times, an officer working for the City of Fontana and was acting under color of law within the course and scope of his duties as an officer for the Fontana Police Department. At all relevant times, Defendant Medina was acting with the complete authority and ratification of his principals and the City of Fontana.

5.     Defendant Officer Medina and was, at all relevant times, an officer working for the City of Fontana and was acting under color of law within the course and scope of his duties as an officer for the Fontana Police Department. At all relevant

COMPLAINT FOR DAMAGES

times, Defendant Sandoval was acting with the complete authority and ratification of his principals and the City of Fontana.

6.     Defendants DOES 1 - 20 ("DOE Officers") are officers working for the Fontana Police Department. DOE Officers were acting under color of law within the course and scope of their duties as officers for the Fontana Police Department. DOE Officers were acting with the complete authority and ratification of their principal, Defendant Fontana.  The use of the term "Defendants" in any of the allegations of this Complaint, unless specifically set forth as otherwise, is intended to include and charge both jointly and severally, not only the City of Fontana, but all Defendants designated as DOES 1 - 10 as well.

7.     Defendants DOES 15 - 20 are managerial, supervisorial, and policymaking employees of the Fontana Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Fontana. DOES 14 - 15 were acting with the complete authority and ratification of their principal, Defendant Fontana.

8.     DOES 1 – 15 are sued in their individual capacity and Plaintiff is informed and believe that DOES 1 – 15 were, at all relevant times, residents of the County of Los Angeles, California.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE Officers were acting on the implied and actual permission and consent of Defendants DOES 11 - 15.

10.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1 - 15 were acting on the implied and actual permission and consent of the City of Fontana.

11.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 - 15, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend their complaint to show the true names and capacity of these Defendants when

they have been ascertained. Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

12.　At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

13.　All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

14.　On or around July 15, 2021, Plaintiff filed a comprehensive and timely claim for damages with the City of Fontana pursuant to applicable sections of the California Government Code. On July 26, 2021, Defendants rejected Plaintiff's Claim for Damages. Plaintiff hereby timely brings this Complaint for Damages.

## **JURISDICTION AND VENUE**

15.　This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

16.　Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**COMPLAINT FOR DAMAGES**

## STATEMENT OF FACTS

17.     On January 21, 2021, at approximately 10:15 a.m., while Plaintiff was at 7685 Concord Ave., in Fontana, California 92336, Plaintiff was wrongfully searched, seized, arrested, with the use of unreasonable force. Specifically, Plaintiff believes that law enforcement was called after he accidently broke a window in his own home.

18.     Thereafter, Plaintiff is informed and believes that Defendants Sandoval, Medina and DOE Officers (hereinafter referred as "DOE Officers" or "Defendant Officers") for the City of Fontana arrived and searched, seized, and arrested Plaintiff without a reasonable suspicion or probable cause, and violated Plaintiffs Federal and State Civil Rights, along with committing numerous State Torts against Plaintiff.

19.     Upon his false and wrongful arrest, Plaintiff informed the Defendants that he had numerous health issues and disabilities, including (1) a surgery on Plaintiff's left elbow (Cubital Tunnel Release) which substantially limits movement in left arm; (2) a surgery on Plaintiff's left knee (ACL and partial meniscectomy) which substantially limits movement in the left knee/leg and limits Plaintiff's ability to walk; (3) numerous medications for pain and swelling; (4) diabetes which requires regular checks of blood sugar levels and medication (Metformin 500) as needed and substantially limits Plaintiff's bodily functions, causing tiredness, weakness, dizziness, shakiness, vision impairment, confusion, and may even cause damage to vital organs, nerve damage, loss of consciousness and death if not properly monitored and medicated; (5) hypertension (high blood pressure) which needs to be regularly monitored and medicated (Lisinopril 20mg) which may cause headaches, chest pain, dizziness, and may cause damage to blood vessels, heart, kidneys, eyes, stroke, and heart attack if not properly monitored and medicated.

20.     Despite the circumstances, Plaintiff was handcuffed and placed in the police vehicle in a manner that caused extreme pain.  Plaintiff also informed DOE Officers of his medications that were located in a bag inside the home that he needed to prevent numerous injuries and/or death. Plaintiff's requests were denied. Plaintiff

**COMPLAINT FOR DAMAGES**

plead to be allowed to take his medications and/or be treated by a medical provider. Plaintiff was told that he would not receive any medications, would not be treated by any medical provider, and that if he did not stop making such requests, his time in custody would be prolonged and would be made difficult (and similar threats of this nature).

21.     Thereafter, while Plaintiff was at the Fontana Police Department, believed to be located at 17005 Upland Ave., in Fontana, California 92335, Plaintiff informed numerous DOE Officers of his serious medical conditions and need for medications.  Plaintiff was ignored.

22.     Plaintiff plead to be allowed to take his medications and/or be treated by a medical provider.  Plaintiff was told that he would not receive any medications, would not be treated by any medical provider, and that if he did not stop making such requests, his time in custody would be prolonged and would be made difficult. Ultimately, after being repeatedly ignored for several hours and left alone in his cell, Plaintiff collapsed and became unconscious.

23.     Finally, an unknown officer finally called for medical help.  However, before any medical attention could be provided, Plaintiff was screamed at and threatened numerous times that the DOE Officers would "fuck my world up," and threatened to make his detention more difficult if he was lying about his medical condition. After considerable delay, medical attention was finally provided and it was determined by an unknown Officer (that appeared to have medical training), that Plaintiff was not faking his medical needs and that he needed to be treated by an ambulance.

24.     While waiting for an ambulance, DOE Officers continued to make similar threats toward Plaintiff. Rather than allow the ambulance to take Plaintiff to the hospital, several DOE Officers forcefully grabbed Plaintiff, forced him to walk, and continuously pushed him toward the exit of the building while repeatedly making fun of him and making similar threats.

COMPLAINT FOR DAMAGES

1    25.    While Plaintiff was forced to walk upstairs, Plaintiff felt a DOE

2    Officer(s) forcefully push him, causing him to fall to the ground and sustain numerous

3    and substantial injuries to his body and head. Plaintiff was knocked unconscious by

4    the fall and woke up later in a hospital where Plaintiff learned he suffered from

5    concussion and a severe shoulder injury – among other bodily injuries and emotional

6    distress that arose out of the false arrest, denial of medical care, and injuries that

7    occurred while in custody.

8    26.    Defendants DOES 1 - 15 ("DOE Officers") are officers working for the

9    City of Fontana and the Fontana Police Department. DOE Officers were acting under

10    color of law within the course and scope of their duties as officers for the City. DOE

11    Officers were acting with the complete authority and ratification of their principal,

12    Defendant City.  The use of the term "Defendants" in any of the allegations herein,

13    unless specifically set forth as otherwise, is intended to include and charge both jointly

14    and severally, not only the City but all Defendants designated as DOES 1 - 15 as well.

15    27.    Defendants DOES 15 - 20 are managerial, supervisorial, and

16    policymaking employees of the City, who were acting under color of law within the

17    course and scope of their duties as managerial, supervisorial, and policymaking

18    employees for the City. DOES 15 - 20 were acting with the complete authority and

19    ratification of their principal, Defendant City. In doing the acts and failing and

20    omitting to act as hereinafter described, Defendant Deputies, Detectives, and

21    Sergeants named herein were acting on the implied and actual permission and consent

22    of Defendants DOES 15 - 20.

23    28.    DOES 1 – 20 are sued in their individual capacity and Plaintiff is

24    informed and believe that DOES 1 – 20 were, at all relevant times, residents of the

25    City of Fontana, California. In doing the acts and failing and omitting to act as

26    hereinafter described, Defendants DOES 1 - 20 were acting on the implied and actual

27    permission and consent of the City. The true names and capacities, whether

28    individual, corporate, association or otherwise of Defendants DOES 1 - 20, inclusive,

are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

29.     At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

30.     Defendants searched, seized, and detained Plaintiff without consent, reasonable suspicion, or probable cause and arrested him without probable cause. When Defendant Officers searched, seized, and arrested Plaintiff, as alleged herein, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Defendants knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers. As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

31.     At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States. The Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C §1983. Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure, arresting and/or causing Plaintiff to be arrested without probable cause, conspiring to deprive Plaintiff of his constitutionally protected rights, submitting reports with material omissions, providing falsehoods to secure an arrest and prosecution of Plaintiff. Defendants directly participated and/or aided and abetted in the wrongful search and seizure of Plaintiff and engaged in efforts to cover up said wrongful conduct by providing false testimony, preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiff. Defendants, and each of them, had an interest in seeing Plaintiff charged with criminal conduct to detract from Defendants unlawful conduct and shooting of Plaintiff and use of excessive force.   Said conduct of Defendants constitutes malice, oppression and/or fraud, entitling Plaintiff to punitive damages against individual Defendants in an amount suitable to punish and set an example of said Defendants.

32.     The denial of medical care by Defendants and DOE Officers (hereinafter referred as "Defendant Officers") deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. The denial of medical care contributed to Plaintiff's great physical pain and emotional distress and was a contributing cause of his injuries which exist to date. Defendant Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and

wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm and emotional distress. As a result of their misconduct, each of Defendant Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

33.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause.

## **FIRST  CLAIM FOR RELIEF**

### **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

### **UNREASONABLE SEARCH AND SEIZURE**

(*Plaintiffs against* **Officers Sandoval, Medina and** *DOE Officers*)

34.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

35.     Defendants Sandoval, Medina and DOE Officers (hereinafter referred as "Defendant Officers") detained Plaintiff without reasonable suspicion and arrested him without probable cause.

36.     When Defendant Officers searched, seized, and arrested Plaintiff, as alleged herein, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the

Fourteenth Amendment.

37.     Defendants knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

38.     The foregoing conduct caused and contributed to Plaintiff great physical pain and emotional distress.  Defendants knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of pain but disregarded those risks and contributed and caused Plaintiff great bodily harm.

39.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of his Constitutional rights.

40.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

41.     Defendant Officers acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

42.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

COMPLAINT FOR DAMAGES

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

**DENIAL OF MEDICAL CARE**

(*Plaintiff against* **Officers Sandoval, Medina and** *DOE Officers*)

43.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

44.     The denial of medical care by Defendants Sandoval, Medina and DOE Officers (hereinafter referred as "Defendant Officers") deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.     The denial of medical care contributed to Plaintiff's great physical pain and emotional distress and was a contributing cause of his death.

46.     Defendant Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

47.     The foregoing conduct caused and contributed to Plaintiff great physical pain and emotional distress.  Defendants knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of pain but disregarded those risks and contributed and caused Plaintiff great bodily harm.

48.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of his Constitutional rights.

49.     Due to the conduct of Defendants, and each of them, Plaintiff has

**COMPLAINT FOR DAMAGES**

suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

50.     Defendant Officers acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

51.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## THIRD CLAIM FOR RELIEF

### FALSE ARREST / FALSE IMPRISONMENT

### (*Plaintiff against All Defendants*)

52.     The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

53.     Defendants City of Fontana, Sandoval, Medina and DOE Officers (hereinafter referred as "Defendants"), while working as officers for the Fontana Police Department and acting within the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants detained Plaintiff without reasonable suspicion and arrested him without probable cause.

54.     Plaintiff did not knowingly or voluntarily consent. Defendants detained Plaintiff for an appreciable amount of time. The conduct of Defendants was a substantial factor in causing the harm to Plaintiff.

55.     Defendant City of Fontana is vicariously liable for the wrongful acts of

Defendants Sandoval, Medina and DOE Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

56.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

57.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENCE

### (*Plaintiff against All Defendants*)

58.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

59.     Defendant City of Fontana, including Defendants Sandoval, Medina and DOES 1 - 15 (hereinafter referred as "Defendants") have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

60.     Defendants breached their duty of care. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure of Defendants to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

(b) the negligent detention, arrest, and use of force, against Plaintiff by Defendants;

(c) the failure of Defendants to provide prompt medical care to Plaintiff;

(d) the failure of Defendants to properly train and supervise employees, both

professional and non-professional;

(e) the failure of Defendants to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff; and

 (f) the negligent communication of information during the incident.

61.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered emotional distress and mental anguish.

62.     The City of Fontana is vicariously liable for the wrongful acts of Defendants Sandoval, Medina, and DOE Officers (hereinafter referred as "Defendant Officers") pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

63.     The plaintiff is informed and believe that the conduct of Defendants and his injuries resulted from and arose directly out of Defendants' employment with the City of Fontana.  Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve Defendant City of Fontana.  The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

64.     As a direct and proximate result of Defendants' conduct, Plaintiffs actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof at trial.

**COMPLAINT FOR DAMAGES**

1

2

3

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF BANE ACT

**(*Plaintiff against All Defendants*)**

4      65.      Plaintiff realleges and incorporates by reference the allegations contained

5   in the preceding paragraphs of this complaint, as though fully set forth herein.

6      66.      California Civil Code, Section 52.1 (the Bane Act), prohibits any person

7   from using violent acts or threatening to commit violent acts in retaliation against

8   another person for exercising that person's constitutional rights. Moreover, "a

9   successful claim for excessive force under the Fourth Amendment provides the basis

10   for a successful claim under § 52.1." Chaudhry v. City of Los Angeles, 751 F.3d

11   1096, 1105-06 (9th Cir. 2014); citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir.

12   2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as

13   under § 1983."); Bender v. Cnty. of L.A., 217 Cal. App. 4th 968, 976 (2013) ("an

14   unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive

15   force—is [] within the protection of the Bane Act").

16      67.      On information and belief, Defendant Sandoval, Medina and DOE

17   Officers (hereinafter referred as "Defendant Officers")while working for the City of

18   Fontana and acting within the course and scope of their duties, intentionally

19   committed and attempted to commit acts of violence against Plaintiff.

20      68.      When Defendant Officers committed the foregoing conduct against

21   Plaintiff, unreasonably detained him, and then denied him medical care, they

22   interfered with his civil rights to be free from unreasonable searches and seizures, to

23   due process, to equal protection of the laws, to medical care, to be free from state

24   actions that shock the conscience, and to life, liberty, and property.

25      69.      On information and belief, Defendants intentionally and spitefully

26   committed the above acts to discourage Plaintiff from exercising his civil rights, to

27   retaliate against him for invoking such rights, or to prevent him from exercising such

28   rights, which he was fully entitled to enjoy.

**COMPLAINT FOR DAMAGES**

70.     On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by Defendant Officers were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

71.     Defendants successfully interfered with the above civil rights of Plaintiff.

72.     The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

73.     The City is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74.     The foregoing conduct caused and contributed to Plaintiff great physical pain and emotional distress.  Defendants knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of pain but disregarded those risks and contributed and caused Plaintiff great bodily harm.

75.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of his Constitutional rights.

76.     Defendant Officers acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

77.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## FIFTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (*Plaintiff against All Defendants*)

78.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

79.     Defendants' conduct was extreme and outrageous, and beyond the bounds of decency tolerated in a civilized society. Specifically, when Defendants knowingly and intentionally (1) failed to call for emergency medical treatment; (2) called the police department; (3) detained Plaintiff; (4) used unnecessary and unreasonable force in detaining Plaintiff;  (5) failed to provide medical assistance to Plaintiff; (6) and failed to provide Plaintiff the medication he needed.

80.     Defendants' conduct was intended to cause Plaintiff emotional distress and Defendants acted with reckless disregard to the probability that Plaintiff would suffer emotional distress.

81.     Plaintiff suffered severe emotional distress. Defendants' conduct was a substantial factor in causing Plaintiff severe emotional distress. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe mental anguish, emotional distress, and humiliation and suffered from associated physical manifestations and injuries in a sum to be proven at trial.

82.     In doing the acts herein alleged, Defendants and each of them acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants and each of them knew that Moses Rubino was in distress and needed his medicine, and not only refused to provide medical treatment, but arrested Moses with physical force. Defendants acted with oppression, malice, and fraud, and are therefore liable for punitive damages.

83.     The Plaintiff is informed and believe that the conduct of Defendants and Plaintiff's injuries resulted from and arose directly out of Defendants' employment

COMPLAINT FOR DAMAGES

with the City of Fontana.  Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve Defendant City of Fontana.  The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

84.     As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof at trial.

85.     The foregoing conduct caused and contributed to Plaintiff great physical pain and emotional distress.  Defendants knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of pain but disregarded those risks and contributed and caused Plaintiff great bodily harm.

86.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of his Constitutional rights.

87.     Defendant Officers acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

88.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

**COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **SIXTH  CLAIM FOR RELIEF**

### **MALICIOUS PROSECUTION**

#### (*Plaintiff against all Defendants*)

89.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this Complaint, as though fully set forth herein.

90.     At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States. The Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C §1983.

91.     Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure, arresting and/or causing Plaintiff to be arrested without probable cause, conspiring to deprive Plaintiff of his constitutionally protected rights, submitting reports with material omissions, providing falsehoods to secure an arrest and prosecution of Plaintiff.

92.     Defendants directly participated and/or aided and abetted in the wrongful search and seizure of Plaintiff and engaged in efforts to cover up said wrongful conduct by providing false testimony, preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiff.

93.     As a proximate cause of the conduct of Defendants, as alleged hereinabove, Plaintiff has suffered damages that he was required to be arrested and charged for false claims submitted by Defendants, incurring needless expense for attorneys' fees and costs and remaining falsely detained pending charges. Further, Plaintiff suffered extreme emotional anguish due to the incarceration and pending

**COMPLAINT FOR DAMAGES**

criminal charges, all in an amount to be proven at trial.

94.     As a proximate cause of the conduct of Defendants, as alleged hereinabove, Plaintiff was harmed to his health, physical and emotional state, and has incurred damages, all in an amount to be proven at trial.

95.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

96.     Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause. Defendants, and each of them, had an interest in seeing Soderberg charged with criminal conduct to detract from Defendants unlawful conduct and shooting of Soderberg and use of excessive force.

97.     Said conduct of Defendants constitutes malice, oppression and/or fraud, entitling Plaintiff to punitive damages against individual Defendants in an amount suitable to punish and set an example of said Defendants.

/ / /

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff *MOSES RUBINO* pray for judgment against the City of Fontana, Officers Sandoval and Medina and DOES 1 - 20, inclusive, as follows:

1.    For past and future economic damages;

2.    For past and future non-economic damages;

3.    For punitive damages against the individual defendants;

4.    For past reasonable attorneys' fees related to the criminal filings;

5.    For future reasonable attorneys' fees related to this civil action;

6.    For interest and costs of suit;

7.    For such further other relief as the Court may deem just, proper, and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff *MOSES RUBINO* demands a jury trial.

DATED:  January 12, 2021                    **KIRAKOSIAN LAW, APC**

                                                            */s/ Greg L. Kirakosian*
                                            By: _____.
                                                  GREG L. KIRAKOSIAN
                                                  Attorneys for Plaintiff
                                                  *MOSES RUBINO*

**COMPLAINT FOR DAMAGES**